Rasheed McWilliams (SBN 281832)
rasheed@cotmanip.com
Daniel Cotman (SBN 218315)
dan@cotmanip.com
Obi I. Iloputaife (SBN 192271)
obi@cotmanip.com
COTMAN IP LAW GROUP, PLC
35 Hugus Alley, Suite 210
Pasadena, CA 91103
(626) 405-1413/FAX: (626) 316-7577
*Attorneys for Plaintiff*
*Lightwire, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lightwire, LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>Lightpointe Communications, Inc., a Delaware corporation,<br><br>        Defendant. | Case No.  2:16-cv-08427<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND PERMANENT INJUNCTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Lightwire, LLC, ("Lightwire" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendant Lightpointe Communications, Inc. ("Lightpointe" or "Defendant") makes the following allegations. These allegations are made upon information and belief.

## NATURE OF THE ACTION

1.     This is an action against Defendant for infringement of one or more claims of United States Patent No. 7,219,165 ("the 165 Patent"), for infringement of one or more claims of United States Patent No. 7,730,217 ("the 217 Patent"), and for infringement of one or more claims of United States Patent No. 7,970,950 ("the 950 Patent").

## THE PARTIES

2.     Lightwire, LLC is a limited liability company organized under the laws of the State of California and has an office and principal place of business at 177 East Colorado Boulevard, Suite 200, Pasadena, California 91105.

3.     Defendant Lightpointe Communications, Inc. is a corporation incorporated under the laws of the State of Delaware.  Defendant has an office and principal place of business at 11696 Sorrento Valley Rd, Suite 101, San Diego, California 92121 and agent for service of process is National Registered Agents, Inc., located in this district at 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

## JURISDICTION AND VENUE

4.     This patent infringement action arises under the patent laws of the United States including 35 U.S.C. §§ 271, et seq.

5.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § § 1331 and 1338(a) because it arises under United States Patent law.

6.     This Court has personal jurisdiction over the Defendant because they (either directly or through their subsidiaries, divisions, groups or divisions) have sufficient minimum contacts with the forum as a result of business conducted within the State of California and this district; and/or specifically over the Defendant (either

directly or through their subsidiaries, divisions, groups or distributors) because of their infringing conduct within or directed at the State of California and this district.

7.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and 1400(b).

<u>FACTS</u>

8.    Plaintiff is the owner, by assignment, of U.S. Patent No. 7,219,165 ("the '165 Patent"), entitled "High-Speed Data Transfer in a Networked Server Environment via Laser Communication," which was duly and legally issued on May 15, 2007 by the United States Patent and Trademark Office ("USPTO").

9.    A copy of the '165 Patent is attached to this Complaint as **Exhibit A**.

10.    The claims of the '165 Patent are valid and enforceable.

11.    Plaintiff is the owner, by assignment, of U.S. Patent No. 7,730,217 ("the '217 Patent"), entitled "High-Speed Data Transfer in a Networked Server Environment via Laser Communication," which was duly and legally issued on June 1, 2010 by the United States Patent and Trademark Office ("USPTO").

12.    A copy of the '217 Patent is attached to this Complaint as **Exhibit B**.

13.    The claims of the '217 Patent are valid and enforceable.

14.    Plaintiff is the owner, by assignment, of U.S. Patent No. 7,970,950 ("the '950 Patent"), entitled "High-Speed Data Transfer in a Networked Server Environment via Laser Communication," which was duly and legally issued on June 28, 2011 by the United States Patent and Trademark Office ("USPTO").

15.    A copy of the '950 Patent is attached to this Complaint as **Exhibit C**.

16.    The claims of the '950 Patent are valid and enforceable.

<u>COUNT I</u>

<u>CLAIM FOR PATENT INFRINGEMENT</u>

<u>UNDER 35 U.S.C. § 271(a) ('165 PATENT)</u>

<u>(AGAINST DEFENDANT)</u>

17.    Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. Defendant makes, has made, sells, offer for sale, uses and/or imports into the United States, infrared laser based systems, including without limitation the Lightpointe Aire X-Stream FSO System ("Accused Product(s)").

19. Each of the Accused Product(s) uses a method for providing a multi-mode network. See **Exhibit D**.

20. Each of the Accused Products senses a data rate between a first node and a second node that are coupled together by both a non-laser transmission medium and a free space laser transmission medium. See **Exhibit D**.

21. Each of the Accused Products switches between said non-laser transmission medium and said laser transmission medium based upon said data rate. See Exhibit D.

22. Each one of the steps performed by the Accused Product(s), itemized in paragraphs 19-21 above, is a step in Claim 20 of the '165 patent.

23. Thus, each of the Accused Products infringes at least Claim 20 of the '165 patent.

24. Plaintiff has been, and will continue to be, irreparably harmed by Defendant's ongoing infringement of the '165 patent.

25. As a direct and proximate result of Defendant's infringement of the '165 Patent, Plaintiff has been and will continue to be damaged in an amount yet to be determined, including but not limited to Plaintiff's lost profits and/or a reasonable royalty.

## COUNT II: CLAIM FOR PATENT INFRINGEMENT
## UNDER 35 U.S.C. § 271(a) ('217 PATENT)
### (AGAINST DEFENDANT)

26. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 16 of this Complaint as if fully set forth herein.

27. Defendant makes, has made, sells, offer for sale, uses and/or imports into the United States, infrared laser based systems, including without limitation the Lightpointe Aire X-Stream FSO System ("Accused Product(s)").

28.     Each of the Accused Product(s) includes an apparatus for accelerating data transfer between networked databases.  See **Exhibit D**.

29.     Each of the Accused Products includes means for communicating among a plurality of servers by a TCP/IP protocol network.  See **Exhibit D**.

30.     Each of the Accused Products includes a means for communicating data using a TCP/IP protocol between the servers via free space using at least one laser unit. See Exhibit D.

31.     Each one of the steps of the Accused Product(s), itemized in paragraphs 28-30 above, is an element in Claim 28 of the '217 patent.

32.     Thus, each of the Accused Products infringes at least Claim 28 of the '217 patent.

33.     Plaintiff has been, and will continue to be, irreparably harmed by Defendant's ongoing infringement of the '217 patent.

34.     As a direct and proximate result of Defendant's infringement of the '217 Patent, Plaintiff has been and will continue to be damaged in an amount yet to be determined, including but not limited to Plaintiff's lost profits and/or a reasonable royalty.

## COUNT III: CLAIM FOR PATENT INFRINGEMENT
## UNDER 35 U.S.C. § 271(a) ('950 PATENT)
## (AGAINST DEFENDANT)

35.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 16 of this Complaint as if fully set forth herein.

36.     Defendant makes, has made, sells, offer for sale, uses and/or imports into the United States, infrared laser based systems, including without limitation the Lightpointe Aire X-Stream FSO System ("Accused Product(s)").

37.     Each of the Accused Product(s) includes a system for accelerating data transfer between networked databases.  See **Exhibit D**.

38.     Each of the Accused Products includes a plurality of databases coupled by a network.  See **Exhibit D**.

39.    Each of the Accused Products includes at least one laser unit including a transmitter and a receiver mounted on and coupled to each database for communicating data between the databases via free space by way of a laser beam at a rate faster than that which the network is capable, wherein the laser units each move with two degrees of freedom and are movably positioned into alignment prior to communicating, and wherein the laser beam of the laser units is traced based upon a mathematical model prior to the laser units communicating the data in order to determine whether the laser units are capable of communicating data and wherein an alternate path for the laser beam is determined and/or the data is communicated via the network if the trace is unsuccessful.  See **Exhibit D**.

40.    Each one of the steps of the Accused Product(s), itemized in paragraphs 37-39 above, is an element in Claim 1 of the '950 patent.

41.    Thus, each of the Accused Products infringes at least Claim 1 of the '950 patent.

42.    Plaintiff has been, and will continue to be, irreparably harmed by Defendant's ongoing infringement of the '950 patent.

43.    As a direct and proximate result of Defendant's infringement of the '950 Patent, Plaintiff has been and will continue to be damaged in an amount yet to be determined, including but not limited to Plaintiff's lost profits and/or a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

A.    In favor of Plaintiff that Defendant has infringed one or more claims of the 165 Patent, either literally or under the doctrine of equivalents;

B.    Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '165 Patent as provided under 35 U.S.C. § 284, but not less than a reasonable royalty;

C.    In favor of Plaintiff that Defendant has infringed one or more claims of the 217 Patent, either literally or under the doctrine of equivalents;

D.    Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '217 Patent as provided under 35 U.S.C. § 284, but not less than a reasonable royalty;

E.    In favor of Plaintiff that Defendant has infringed one or more claims of the '950 Patent, either literally or under the doctrine of equivalents;

F.    Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '217 Patent as provided under 35 U.S.C. § 284, but not less than a reasonable royalty; and

G.    For such other and further relief as may be just and equitable.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and causes of action triable to a jury.

Respectfully submitted,

DATED:  November 11, 2016          **COTMAN IP LAW GROUP, PLC**

*s/Rasheed M. McWilliams*
By:_____
Rasheed M. McWilliams
Daniel C. Cotman
Obi I. Iloputaife
COTMAN IP LAW GROUP, PLC
35 Hugus Alley, Suite 210
Pasadena, CA 91103
(626) 405-1413/FAX: (626) 316-7577
*Attorneys for Plaintiff*
*Lightwire, LLC*